## CITY OF CLEVELAND

### v.

### RAFTER.

2004-Ohio-1399.]

Cleveland Municipal Court,
Cuyahoga County, Ohio.

No. 2003 CRB 21034.

Decided Jan. 29, 2004.

---

88

Sanford Watson, Chief Police Prosecutor, and Aric Kinast, Assistant Police Prosecutor, for plaintiff.

Gordon Friedman, for defendant.

EMANUELLA GROVES, Judge.

{¶ 1} On August 12, 2003, defendant Mark Rafter filed a motion to dismiss based on selective prosecution. On August 18, 2003, the plaintiff filed a response in opposition to defendant's motion to dismiss. On September 17, 2003, a hearing was held on the motion. During the hearing, very little testimony was produced; the hearing focused on the legal arguments. However, a Cleveland police officer stated that the delay in defendant's prosecution was due to a felony investigation.

{¶ 2} The facts are uncontested. The defendant attended a Browns football game on September 8, 2002. An incident occurred in which Cleveland police officers working security became involved. The defendant was arrested. Nine months later, on June 12, 2003, the defendant was charged with aggravated disorderly conduct, in violation of Cleveland Codified Ordinance 605.03(A)(1). Just six days earlier, the defendant's attorney had sent a letter to Carmen Policy, General Manager of the Browns, informing Policy of his intention to file a lawsuit against the Browns as a result of abuse the defendant allegedly suffered on September 8, 2003.

{¶ 3} The defendant has moved for a dismissal of the complaint, alleging that his prosecution is discriminatory, having been brought solely because he threatened to exercise his legal right to file a lawsuit. A defendant alleging selective or discriminatory prosecution bears a heavy burden. *State v. Flynt*

(1980), 63 Ohio St.2d 132, 134, 17 O.O.3d 81, 407 N.E.2d 15; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 531, 709 N.E.2d 1148; *Zageris v. Whitehall* (1991), 72 Ohio App.3d 178, 186, 594 N.E.2d 129. There is a strong presumption that prosecutorial choices are not discriminatory. *State v. Keene* (1998), 81 Ohio St.3d 646, 693 N.E.2d 246; *Trzebuckowski, supra,* 85 Ohio St.3d at 532, 709 N.E.2d 1148.

{¶ 4} It is well established that the prosecutor has a wide range of discretion. The prosecutor has discretion to decide whether to prosecute and what charges to file. *United States v. Armstrong* (1996), 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687. The mere fact that some individuals were prosecuted and others were not is insufficient to establish a defense of selective prosecution. *State v. Freeman* (1985), 20 Ohio St.3d 55, 20 OBR 355, 485 N.E.2d 1043. Selective prosecution violates the Equal Protection Clause when it is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles* (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446; *Snowden v. Hughes* (1944), 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; *Yick Wo v. Hopkins* (1886), 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

{¶ 5} In establishment of a selective-prosecution claim, a defendant must show that the prosecution had a discriminatory effect and that the prosecution was motivated by a discriminatory purpose. Fourteenth Amendment to the United States Constitution; *United States v. Tucor Internatl., Inc.* (N.D.Cal. 1998), 35 F.Supp.2d 1172, affirmed on other grounds (C.A.9, 1999), 189 F.3d 834. A defendant must not only show that others similarly situated were not prosecuted, but that prosecution was deliberately based on classification protected under the Equal Protection Clause. Id.

{¶ 6} Ohio Courts have adopted the two-prong test of *United States v. Berrios* (C.A.2, 1974), 501 F.2d 1207, 1211, to determine whether or not there has been selective prosecution under Ohio law. *Flynt, supra,* 63 Ohio St.2d at 134, 17 O.O.3d 81, 407 N.E.2d 15. A defendant alleging selective prosecution must demonstrate "(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or in the desire to prevent his exercise of constitutional rights." *Flynt, supra.* See, also, *State v. Getsy* (1998), 84 Ohio St.3d 180, 203, 702 N.E.2d 866; *State v. Lawson* (1992), 64 Ohio St.3d 336, 595 N.E.2d 902; *Cleveland v. Bosak* (1995), 104 Ohio App.3d 520, 525, 662 N.E.2d 851.

{¶ 7} In *Flynt,* an evidentiary hearing was held regarding the investigation and prosecution of others similarly situated to defendant. The assistant law director testified that others similarly situated to the defendant were investigated over an eight-month period without being prosecuted. In *Flynt,* the defendant met the first element of "others being similarly situated."

{¶ 8} However, the conscious exercise of some selectivity in enforcement is not, in itself, a violation of the Equal Protection Clause. *Flynt,* supra; *Zageris,* supra, 72 Ohio App.3d at 186, 594 N.E.2d 129. Intentional or purposeful discrimination will not be presumed from a showing of mere differing in treatment. *Snowden,* supra, 321 U.S. at 8–9, 64 S.Ct. 397, 88 L.Ed. 497, cited in *Freeman,* supra, 20 Ohio St.3d at 58, 20 OBR 355, 485 N.E.2d 1043. In our system of justice, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what to charge to file or bring * * * generally rests entirely in his discretion." *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604; *State ex rel. Nagle v. Olin* (1980), 64 Ohio St.2d 341, 347, 18 O.O.3d 503, 415 N.E.2d 279; *Cleveland v. Whitner* (2002), 119 Ohio Misc.2d 100, 774 N.E.2d 788.

{¶ 9} In *Armstrong,* the defendant alleged that blacks were singled out for prosecution of crack cocaine cases. The court rejected a study of 24 defendants that identified arrestees by race and whether they were prosecuted for dealing cocaine as well as crack and ruled that the study was insufficient to demonstrate selective prosecution. Id., 517 U.S. at 470, 116 S.Ct. 1480, 134 L.Ed.2d 687. The court noted that the study failed to identify individuals who were not black and could not have been prosecuted and thus failed to show discriminatory intent.

{¶ 10} In the present case, defendant produced no evidence of others being similarly situated to defendant and not arrested. The defendant alleges that the other individuals involved in the incident were not arrested. However, the prosecution notes that defendant's conduct included assaulting another citizen and spitting at an officer. There is no allegation that the other individuals engaged in similar behavior. Consequently, the defendant has failed to meet the initial element for selective prosecution as required under *Berrios,* supra.

{¶ 11} Certainly the issuance of a criminal complaint, nine months after the incident and just six days after a letter was sent threatening to file a lawsuit against the employer of Cleveland police officers hired as stadium security, is highly suspect. The manner in which the charge was brought raises questions of bad faith and retaliatory prosecution. However, these issues are separate and distinct legal theories that are not presently before this court.

{¶ 12} The defense of selective prosecution requires the satisfaction of two elements.  Due to the defendant's failure to satisfy the first element, this court cannot properly explore the second element of discriminatory intent.  Therefore, defendant's motion to dismiss is denied.

{¶ 13} IT IS SO ORDERED.

Motion to dismiss denied.