DECISION AND JUDGMENT ENTRY
{¶ 1} Alton R. Skinner ("Appellant") appeals the judgment of the Chillicothe Municipal Court finding him guilty of operating a motor vehicle with a prohibited concentration of alcohol in his urine pursuant to R.C. 4511.19(A)(1)(e). He contends that the trial court erred when it denied his motion to dismiss on speedy trial grounds. Because we find that the Appellant waived his speedy trial rights pertaining to the specified limits *Page 2 
charge prior to the expiration of the speedy trial period, we affirm the judgment of the trial court.
 I. Facts {¶ 2} The Appellant was arrested for OVI (hereinafter "first offense"), inter alia, on January 28, 2006. The State ("Appellee") charged the Appellant with this first offense under R.C.4511.19(A)(1)(a), a first degree misdemeanor. An officer also obtained a urine sample from the Appellant after his arrest. At his arraignment on February 1, 2006, the Appellant asked the court for a continuance so that he could obtain an attorney. The court granted his request and continued his arraignment to March 1, 2006. When the Appellant appeared thereafter with his attorney, he entered a not guilty plea. The trial court set May 25, 2006 as the trial date.
 {¶ 3} On May 1, 2006, the Appellee issued and served the Appellant with a summons for operating a motor vehicle with a prohibited concentration of alcohol in his blood (hereinafter "second offense") based on the results of the urine sample obtained from the Appellant on January 28, 2006. The Appellee charged the Appellant with this second offense under R.C. 4511.19(A)(1)(e), a misdemeanor of the first degree.
 {¶ 4} On May 24, 2006, i.e., one day before trial for the first offense, the Appellant waived his right to a speedy trial for both offenses. The court *Page 3 
consolidated the two offenses for trial and continued the previously set May 25, 2006 trial.
 {¶ 5} On July 19, 2006, the Appellant filed a motion to dismiss, contending that the Appellee violated his right to a speedy trial. The court denied his motion. The Appellant eventually pled no contest to the second offense in exchange for the Appellee dismissing the first offense. The court found the Appellant guilty of the second offense and sentenced him accordingly. The Appellant now appeals this determination, asserting the following assignment of error:
 II. Assignment of Error {¶ 6} 1. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS AN ADDITIONAL CHARGE FOLLOWING THE STATE'S FAILURE TO BRING THE DEFENDANT TO TRIAL UPON SUCH CHARGE WITHIN THE TIME LIMITS SPECIFIED IN2945.71 R.C.
 III. Legal Analysis {¶ 7} The Appellant contends in his sole assignment of error that the trial court erred when it overruled his motion to dismiss based on a violation of his right to a speedy trial. He asserts that the Appellee failed to bring him to trial for the second offense within ninety (90) days as required by R.C. 2945.71. He maintains that the 90 day period for the second offense started to run at the same time as the first offense. *Page 4 
 {¶ 8} Initially, we set forth our standard of review. Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., State v. Pinson (Mar. 16, 2001), Scioto App. No. 00CA2713, 2001-Ohio-2423; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn;Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980,1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See Brecksville v. Cook, 75 Ohio St.3d 53, 57,661 NE.2d 706; State v. Miller (1996), 113 Ohio App.3d 606, 608,681 NE.2d 970; State v. Cloud (1997), 122 Ohio App.3d 626, 702 N.E.2d 500. An accused must first show a prima facie case for discharge by demonstrating that the time limit imposed by R.C. 2945.71 has been exceeded. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 NE.2d;State v. Howard (1992), 79 Ohio App.3d 705, 707, 607 NE.2d 1121. At that point, the burden shifts to the state to demonstrate any tolling *Page 5 
or extension of the time limit. Id. If the state fails to comply with the mandates of the speedy trial statute, the defendant must be discharged pursuant to R.C. 2945.73.
 {¶ 9} The Sixth Amendment to the United States Constitution, made binding on the states by the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution guarantee a defendant the right to a speedy trial. See, e.g., State v. Parker, 113 Ohio St.3d 207, 209,2007-Ohio-1534. The United States Supreme Court declined to establish the exact number of days the state has to bring a defendant to trial. Instead, it recognized that individual states may establish reasonable times that are consistent with the constitution. Barker v. Wingo (1972),407 U.S. 514, 523, 92 S.Ct. 2182. The Ohio Legislature responded by enacting R.C. 2945.71, which sets forth specific time requirements for the state to bring a defendant to trial. State v. Hughes (1999),86 Ohio St.3d 424, 425, 715 N.E.2d 540.
 {¶ 10} R.C. 2945.71(B)(2) provides that a person charged with a misdemeanor of the first degree shall be brought to trial within 90 days after his arrest or service of summons. The burden is on the state to bring the accused to trial within this statutory period. State v.Singer (1977), 50 Ohio St.2d 103, 106, 362 N.E.2d 1216. These speedy trial statutes are strictly enforced because they implement the constitutional guarantee of a speedy *Page 6 
trial. State v. Montgomery (1980), 61 Ohio St.2d 78, 80, 399 N.E.2d 552;State v. Pudlock (1975), 44 Ohio St.2d 104, 105, 338 N.E.2d 524.
 {¶ 11} In the case sub judice, the Appellant contends that his right to a speedy trial for his second offense tracks the same time as the first offense. The Appellant was arrested for the first offense on January 28, 2006. Therefore, unless extended, the Appellee had until April 28, 2006 to bring the Appellant to trial, i.e., 90 days. The Appellee did not bring the Appellant to trial until after April 28, 2006. Thus, the Appellant presented a prima facie case for discharge of the first offense.
 {¶ 12} The time within which an accused must be brought to trial may be extended for the reasons listed in R.C. 2945.72. These reasons include "any period of delay necessitated by reason of a * * * motion * * * instituted by the accused, * * * [t] he period of any continuance granted upon the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.] "R.C.2945.72(E), (H).
 {¶ 13} Here, the Appellant filed a motion for a continuance at his February 1, 2006 arraignment so that he could obtain counsel. The court granted his request and moved his arraignment to March 1, 2006. Therefore, based on the Appellant's motion, the Appellee had a 28-day extension to bring the Appellant to trial, i.e., until May 26, 2006. The court set the *Page 7 
Appellant's trial for May 25, 2006. However, on May 24, 2006, the Appellant waived his right to a speedy trial. The Appellee later dismissed the first charge in exchange for a no contest plea to the second offense. Therefore, the Appellee established that the time limit was extended by R.C. 2945.72 for the first offense.
 {¶ 14} On May 1, 2006, the Appellee issued and served the Appellant with a summons for the second offense. The Appellant waived his right to a speedy trial on the second offense the same day he waived his right to a speedy trial for his first offense, i.e., May 24, 2006. We must now calculate how long the Appellee had to bring the Appellant to trial for this second offense.
 {¶ 15} In State v. Baker (1997), 78 Ohio St.3d 108, 676 N.E.2d 883, the Supreme Court of Ohio held, "[i] n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." Id. at syllabus. The Court's decision in Baker was closely followed by the Second District Court of Appeals in the following cases: State v. Cantrell (Sept. 7, 2001), Clark App. No. 00CA95, 2001 WL 1018234 (additional R.C. 4511.19(A) charge based on results of blood test); *Page 8 State v. Lekan (June 27, 1997), Montgomery App. No. 16108,1997 WL 351287 (additional R.C. 4511.19(A) charge based on results of urine test). The facts herein closely resemble the facts of Cantrell andLekan, supra.
 {¶ 16} Applying the rules of Baker, Cantrell, and Lekan, supra, to the case sub judice, the charge stemming from the second offense was not subject to the same speedy trial time table as the charge stemming from the first offense. In fact, the time table for the second offense began to run from the date of filing and service, which took place May 1, 2006. The state then had 90 days from May 1, 2006, to bring the Appellant to trial. Thereafter, on May 24, 2006, the Appellant waived his speedy trial rights to both sets of charges. Thus, as the Appellant waived his speedy trial rights as to the 90 day period contemplated by R.C. 2945.71(B)(2) and his rights have not been violated.
 IV. Conclusion {¶ 17} In our view, the trial court properly denied the Appellant's motion to dismiss, as the Appellant waived his speedy trial rights pertaining to the second offense. We therefore, sustain the Appellant's sole assignment of error, and accordingly affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J.: Concurs in Judgment Only. Kline, J.: Dissents. *Page 1