The STATE of Ohio

v.

THOMAS.

2011-Ohio-6921.]

Morrow County Municipal Court, Ohio.

No. 5911–2010–TRC–1328.

Decided Feb. 28, 2011.

6

8

Steve Phillips, for plaintiff.

Earl Desmond, for defendant.

---

McClelland, Judge.

{¶ 1} Defendant Richard Thomas is charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) (the "general" charge) and 4511.19(A)(1)(b) (the "prohibited-concentration" charge). The relevant facts are stipulated by the parties as follows.

{¶ 2} On June 24, 2009, defendant was stopped for failing to maintain control of his vehicle on County Road 59. As a result of the stop, defendant was arrested on the charge of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) (general charge). At defendant's initial appearance on July 2, 2009, he filed a written waiver of speedy trial and entered an oral plea of not guilty. A court trial was scheduled for August 27, 2009. On July 8, 2009, defendant's attorney filed a notice of appearance of counsel, a plea of not guilty, a second time waiver, and a demand for a jury trial. The case was taken out of the court trial assignment, and a jury trial was scheduled for August 27, 2009. The first pretrial was held on September 1, 2009. A second pretrial was requested and, in the interim, defense counsel received the defendant's blood-test lab results of .107 percent of alcohol by weight per unit volume in the defendant's whole blood, a prohibited concentration under R.C. 4511.19(A)(1)(b). The second pretrial was held October 20, 2009. There, an agreed disposition was reached, and defense counsel requested the case be scheduled for supplemental arraignment. In light of the plea agreement, the state did not file the additional prohibited-concentration charge under R.C. 4511.19(A)(1)(b). A supplemental arraignment was scheduled for January 11, 2010. At this supplemental arraignment, defendant withdrew his acceptance of the plea agreement, and the jury trial was rescheduled.

{¶ 3} Shortly after the failed supplemental arraignment, the state filed the prohibited-concentration charge on March 2, 2010. Jury trial was again set for March 31, 2010, but was continued by the state due the unavailability of the state's criminalist. The matter was then continued and set for jury trial on May 5, 2010. Defense counsel responded with a notice of appearance, demand for jury trial, and a time-not-waived motion [sic] on April 1, 2010. A pre-jury-trial pretrial was held on May 4, 2010. At this pre-jury-trial pretrial, defendant moved to dismiss the prohibited-concentration charge due to violation of speedy-

trial rights based upon the time from the initial arrest on June 24, 2009. The state opposed the motion on the basis that the blood-test result constituted an additional fact unknown to the state at the time of the initial, general charge, arguing that the state was therefore entitled to a new time limit during which to prosecute the subsequent charge. Thus, the defendant's speedy-trial rights were not violated. This court requested supplemental briefs to be filed on this issue. The parties agreed to toll the time regarding the prohibited-concentration charge while the motion was under consideration and agreed to file supplemental briefs. The state filed its brief on May 20, 2010. Defendant has yet to file a supplemental brief.

{¶ 4} As a procedural matter, this court notes that the proper motion to challenge a speedy-trial violation is a motion to discharge and not a motion to dismiss. Upon a motion made at or prior to trial, a person will be discharged if not brought to trial within speedy-trial time. R.C. 2945.73(B). In speedy trial, dismissals apply to preliminary hearings only. A felony is dismissed when a defendant does not receive a preliminary hearing within the time limits of R.C. 2945.71 and 2945.72. R.C. 2945.73(A). Further criminal proceedings are barred only when a defendant is discharged. R.C. 2945.73(D). This court would be correct to deny defendant's motion because the motion is improper; however, it will proceed to consider the case on its merits.

{¶ 5} At issue in this case is whether a blood-test result from a chemical test taken at the time of defendant's initial arrest constitutes a fact unknown to the state at the time defendant was charged with his initial OVI. Resolution of this issue is crucial in determining whether defendant's speedy-trial rights were violated. In order to determine the statutory time limit that the state has to bring the defendant to trial, it must be determined when the time for each filed charge began to run. To do this, the court must determine whether the state knew of the additional fact(s) necessary for a probable-cause determination for the subsequent prohibited-concentration charge when the initial, general charge was filed. Once the court determines when the statutory time period began to run for each charge, the court must then decide whether the defendant's speedy-trial waiver for the general charge also applies to the prohibited-concentration charge.

{¶ 6} The Ohio Supreme Court does not provide a clear path for the trial courts to follow when analyzing dual-filing issues. This court asserts that there are two basic principles in analyzing a case involving dual filings. First, the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution require that all arrest warrants be supported by probable cause. See *State v. Sizer* (C.P.1970), 25 Ohio Misc. 245, 265 N.E.2d 468 (citing *Giordenello v. United States* (1958), 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503).

Whether there is probable cause to arrest for a violation of R.C. 4511.19(A)(1)(b) depends upon whether there is sufficient information to cause a prudent person to believe that the defendant was driving with a prohibited alcohol concentration in his or her blood at the time of the arrest. See *State v. Schmitt* (2004), 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446. Simply stated, after an initial charge is filed, subsequent charges, even those arising under the same circumstances, cannot be filed without the state acquiring all the facts necessary to establish probable cause to file the subsequent charge. Second, time waivers must be filed knowingly, intelligently, and voluntarily. *Brady v. United States* (1970), 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747. Therefore, a time waiver filed on an initial charge cannot apply to subsequently filed charges. These two principles must be followed in analyzing the issues in this case.

{¶ 7} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and was made obligatory on the states through the Fourteenth Amendment. *State v. Ladd* (1978), 56 Ohio St.2d 197, 383 N.E.2d 579. Ohio's speedy-trial rights are codified in R.C. 2945.71 et seq. R.C. 2945.71(B)(2) mandates that a person charged with a first- or second-degree misdemeanor be brought to trial within "ninety days after the person's arrest or the service of summons." Because Ohio's statutory speedy-trial provisions reassert an accused's constitutional right to a speedy trial, trial courts must strictly enforce that right. *State v. Pachay* (1980), 64 Ohio St.2d 218, 416 N.E.2d 589. Consequently, the speedy-trial statute must be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 105–106, 362 N.E.2d 1216. The burden of going forward rests with the defendant, who must demonstrate that he was not brought to trial within the applicable trial limits by setting forth a prima facie case for discharge. *State v. Baker* (1993), 92 Ohio App.3d 516, 525, 636 N.E.2d 363; *State v. Smith* (Aug. 10, 2001), 11th Dist. No. 2000–A–0052, 2001 WL 901016, *5. The burden then shifts to the state to provide evidence that the defendant's right to a speedy trial was not violated. *Baker* at 525–526; *Smith* at *6.

{¶ 8} As with other fundamental rights, a defendant has the opportunity to waive his right to a speedy trial. The waiver should be done in open court and in writing. *State v. King* (1994) 70 Ohio St.3d 158, 637 N.E.2d 903. A waiver should be made knowingly, voluntarily, and intelligently. *Brady v. United States*, 397 U.S. at 748, 90 S.Ct. 1463 ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences").

{¶ 9} A waiver of the right to a speedy trial applies only to the current charge. It is not applicable to additional charges filed subsequent to the

execution of the waiver that arise from different facts or facts unknown to the state at the time of filing the initial charge. See *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025; *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883; *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. In *Adams,* the defendant was *initially* charged under R.C. 4511.19(A)(3) (prohibited concentration). The defendant executed a time waiver as to that charge. (This charge was later dismissed at the request of the prosecutor.) The state *then* filed the subsequent, general charge. The state argued that the waiver should also apply to the general charge.

"For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver." *Adams* at 69, 538 N.E.2d 1025. Where a defendant is unaware that his original waiver could "affect the course of a subsequent charge," he does not have sufficient knowledge of the consequences of his actions at the time the waiver was executed. Id. "Thus, a knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes knowing the exact nature of the crime he is charged with." Id. Therefore, the rule in *Adams* is that a waiver filed for an initial charge cannot apply to a subsequent charge, because the defendant had no knowledge of the subsequent charge when he waived time for the initial charge.

{¶ 10} In the present case, defendant's speedy-trial waiver as to the initial charge under R.C. 4511.19(A)(1)(a) (general charge) will not apply to the subsequent charge under R.C. 4511.19(A)(1)(b) (prohibited-concentration charge). Neither the defendant nor the state knew all the facts that would give rise to the subsequent charge at the time the initial waiver was filed. Therefore, the defendant could not waive his right to a speedy trial knowingly, voluntarily, and intelligently for the subsequent charge when he filed the time waiver for the initial charge.

{¶ 11} Notwithstanding these considerations, defendant's waiver as to the initial charge is still applicable. Defendant executed this waiver in writing at his initial appearance. Further, his counsel subsequently filed a second written waiver. These waivers were never withdrawn, and as a result, there is no speedy-trial violation on defendant's general charge. See *State v. O'Brien* (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (outlining the process to withdraw a wavier).

{¶ 12} As to the subsequent prohibited-concentration charge, the Supreme Court in *State v. Baker,* 78 Ohio St.3d 108, 676 N.E.2d 883, provided two scenarios in which the state is not held to the speedy-trial time limit of the initial charge when filing subsequent charges. A second charge filed after the initial

charge will run on its own time limit, beginning from the time the state filed the subsequent charge, when (1) the additional criminal charge arose from additional facts not present at the time the initial charge was filed *or* (2) the state did not know of the additional facts that supported the probable cause to file the subsequent charge at the time the initial charge was filed. Id.

{¶ 13} Most appellate districts in Ohio consider lab reports or test results to be additional or unknown facts, of which the state is unaware when an initial charge is filed. Those lab reports or test results are needed to make the determination of probable cause to file additional charges. For this reason, test results constitute additional facts unknown to the state at the time of filing an initial, general charge. Any subsequent prohibited-concentration charge does not relate back to an initial charge for speedy-trial purposes, and the state has a separate time limit to bring a defendant to trial, beginning when the subsequent charge is filed. See *Baker,* 78 Ohio St.3d 108, 676 N.E.2d 883; *State v. Dalton,* 2d Dist. No. 2003 CA 96, 2004-Ohio-3575, 2004 WL 1510596; *State v. Skinner,* 4th Dist. No. 06CA2931, 2007-Ohio-6320, 2007 WL 4200591; *State v. Armstrong,* 9th Dist. No. 03CA0064–M, 2004-Ohio-726, 2004 WL 298685; *State v. Mohamed,* 10th Dist. No. 08AP–960, 2009-Ohio-6658, 2009 WL 4856793; *State v. Clark,* 11th Dist. Nos. 2001–P–0031, 2001–P–0033, 2001–P–0034, 2001–P–0057, and 2001–P–0058, 2004-Ohio-334, 2004 WL 144238; *State v. Riley* (June 12, 2000), 12th Dist. No. CA99–09–087, 2000 WL 745300.

{¶ 14} This exception to R.C. 2945.71 et seq. enumerated by the Supreme Court in *Baker* was clarified by the Supreme Court in *State v. Parker.* The court in *Parker* stated:

In *State v. Baker * * *,* we acknowledged an exception to the speedy-trial timetable for subsequent indictments: "[w]hen additional criminal charges arise from facts distinct from those supporting an original charge, *or* the state was *unaware of such facts at that time,* the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq."

(Emphasis added.) *State v. Parker,* 113 Ohio St. 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 19, quoting *Baker,* 78 Ohio St.3d at 112, 676 N.E.2d 883.

{¶ 15} However, the confusion caused by the Supreme Court decision in *State v. Adams* has spawned a few unusual appellate court results. The Fourth District initially held that when an accused is arrested and charged with an OVI that arises out of the same circumstances as an already pending OVI charge (as where the defendant submitted to a blood or urine test without the results being known at the time of the arrest on the general charge), any subsequent charges filed against the accused based on the results of the chemical tests must be tried within the time limits statutorily mandated for the initial charge. *State v.*

*Puckett* (June 12, 1985), 4th Dist. No. 1516, 1985 WL 11119. However, the Fourth District later held, in accordance with *Baker* and *Parker*, that when additional criminal charges arise from facts different from the original charges or the state did not know of these facts at the time of the initial charge upon issuing a subsequent charges, the state is *not* subject to the speedy-trial timetable of the initial charge. *State v. Skinner*, 2007-Ohio-6320, 2007 WL 4200591.

{¶ 16} The Fifth District also initially held that test results do not constitute unknown facts, in a case where a defendant was initially charged with a violation of R.C. 4511.19(A)(1)(a) (general charge), but did not waive speedy-trial rights, and was later charged with a violation of R.C. 4511.19(A)(1)(j) (prohibited-concentration charge). In that case, the defendant's speedy-trial rights were violated as to the subsequent prohibited-concentration charge because the court held that the defendant's prohibited-concentration charge must relate back to his initial arrest for speedy-trial purposes. *State v. Orack*, 5th Dist. No. 09 COA 019, 2009-Ohio-4997, 2009 WL 3042416.

{¶ 17} In *State v. Orack*, the state charged defendant initially in August 2008 for driving under the influence, a general charge. He was then charged in October 2008 with an OVI for a prohibited marijuana concentration based on a urine test taken at the time of his initial arrest in August 2008. However, Orack was charged with this prohibited-concentration *before* the state had received the results of the test (the state indicated to the court in a memorandum that it did not receive the results of the urine test until December 2008). Id. The state argued that because it did not know of the facts surrounding the prohibited-concentration charge, i.e., the test results, until after August, the speedy-trial clock for the prohibited-concentration charge should have started in October 2008, when it filed the subsequent charge. Id. at ¶ 13. The Fifth District held that because the state proceeded with charging the defendant for the marijuana OVI without knowing the results of the test, it could not claim ignorance of such facts when the defendant was initially charged. Additionally, the state could have sought a continuance for purposes of awaiting the test results. Id.; see also R.C. 2945.72(H) (extending time for a hearing or trial).

{¶ 18} This entire dual-filing difficulty that existed in *Orack* could have been avoided by merely noting that the state did not have *probable cause* to proceed with the prohibited-concentration charge without knowing the result of the urine test. Ohio Prof.Cond.R. 3.8(a) (requiring that a prosecutor cannot prosecute a charge that is not supported by probable cause); *Cleveland v. Rafter*, 127 Ohio Misc.2d 87, 2004-Ohio-1399, 805 N.E.2d 1161, ¶ 8 (so long as the prosecutor has probable cause to believe that the accused committed the offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely in his discretion).

14

{¶ 19} A chemical test of a defendant's blood, breath, or urine cannot be requested from a driver until after probable cause to arrest for OVI exists. See *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 23. However, the necessary probable cause to arrest at the time of the request exists only for the R.C. 4511.19(A)(1) general OVI charge. Id. at ¶ 24. The test result of a chemical test is an essential element of the prohibited-concentration charge. R.C. 4511.19(A)(1)(b). Therefore, additional probable cause is necessary to file the prohibited-concentration charge that arises from the *result* of the blood, breath, or urine test. Fourth Amendment to the U.S. Constitution; Section 14, Article I, Ohio Constitution (requiring that all warrants be supported by probable cause). This test result is unknown at the time of the initial, general charge. When the test result becomes available and indicates a prohibited-concentration of alcohol or drugs in a person's system, then that test result constitutes the additional probable cause necessary to file a subsequent prohibited-concentration charge.

{¶ 20} *Adams* and *Orack* both present unusual situations and should be restricted to their facts. In *Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025, the state initially filed a prohibited-concentration OVI charge, then dismissed that charge, and later filed a general OVI charge. The state, at the time of filing the initial, prohibited-concentration charge, knew all the facts necessary to charge defendant with the subsequent, general OVI charge. Id. In *Orack*, 2009-Ohio-4997, 2009 WL 3042416, the state filed the general charge, then filed the subsequent, prohibited-concentration charge *before* knowing the result of the urine test. In the present case, the state filed the general charge initially, and then the prohibited-concentration charge, the opposite of *Adams*. Also, the state in the present case knew the results of the defendant's blood test before the prohibited-concentration charge was filed, unlike in *Orack*. In addition to these distinctions between the present case and *Adams* and *Orack*, other courts of appeals in like situations have followed *Baker* and *Parker* and not *Orack*. For these reasons, *Adams* and *Orack* should be restricted to their facts, and the *Baker* and *Parker* rationale should be followed.

{¶ 21} In the present case, the defendant was arrested on the initial charge of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) (general charge) on June 24, 2009, and waived his right to a speedy trial for the general charge at that time. Defendant was subsequently charged with the prohibited-concentration charge under R.C. 4511.19(A)(1)(b) on March 2, 2010, in light of the blood-test result. The state demonstrated that it did not know about the blood-test result when the defendant was initially charged. The arresting officer marked on the ticket that defendant had submitted to a blood test. However, the test result was not known until a

later date. Consequently, this court finds that the state knew that the result of a blood test was *pending* but did not know whether it would lead to a possible second charge. The result of the blood test was a critical element of the prohibited-concentration offense unknown to the state at the time of the initial charge. The state, therefore, did not have probable cause to arrest defendant for a violation of R.C. 4511.19(A)(1)(b) (prohibited-concentration) at the time defendant was arrested for the violation of R.C. 4511.19(A)(1)(a) (general charge). The result of the blood test at the time of arrest was an additional unknown fact under *Baker* and *Parker*.

{¶ 22} The prohibited-concentration charge does not relate back to the initial charge for speedy-trial purposes and therefore is running on a time limit separate from the initial, general charge. See *State v. Dalton*, 2004-Ohio-3575, 2004 WL 1510596; *State v. Skinner*, 2007-Ohio-6320, 2007 WL 4200591; *State v. Armstrong*, 2004-Ohio-726, 2004 WL 298685; *State v. Mohamed*, 2009-Ohio-6658, 2009 WL 4856793; *State v. Clark*, 2004-Ohio-334, 2004 WL 144238; *State v. Riley*, 2000 WL 745300. The state had 90 days from March 2, 2010, pursuant to R.C. 2945.71(B)(2) to bring defendant to trial for the subsequent, prohibited-concentration charge. See *Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883. The trial for the prohibited-concentration charge was set on May 5, 2010, within the new 90–day time limit. Any further delay was waived pending a decision regarding this motion to dismiss. Accordingly, defendant's right to a speedy trial was not violated as to the prohibited-concentration charge.

{¶ 23} Finally, this court emphasizes that the delay between receiving the blood-test result and the filing of the second charge shall not be held against the state because it was defendant's conduct that caused the delay. R.C. 2945.72(D). The state knew of the results of the blood test by September 1, 2009, when it made those results available to defense counsel. The state did not charge defendant with the second charge until March 2, 2010, nearly six months after knowing the results, because the state and defendant had reached a plea agreement on the first charge. However, defendant later withdrew his consent to the plea agreement on January 11, 2010, and the state filed the prohibited-concentration charge on March 2, 2010. The delay will not apply prejudicially to the state pursuant to R.C. 2945.72(E), which excludes "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Therefore, this period of time is tolled for speedy-trial purposes and shall be taxed to the defendant.

{¶ 24} This court concludes that defendant's speedy-trial rights were not violated for either charge. As to the initial charge, the time was waived and that waiver was not withdrawn. As to the subsequent charge, even though the waiver to the initial charge does not apply, the blood-test result constituted an additional

and critical fact unknown to the state at the time of the initial charge. Therefore, the state is not required to bring the defendant to trial within the same statutory period as the initial charge under R.C. 2945.71(B)(2). The state did not charge defendant with the subsequent, prohibited-concentration charge until March 2, 2010, it was set for trial within the speedy-trial time limits, and the delay was caused only by defendant's motion filed the day before trial. This court, therefore, denies defendant's motion to dismiss.

So ordered.