CITY OF COLUMBUS, APPELLEE, *v.*
BONNER, APPELLANT.

(No. 80AP-406—Decided May 14, 1981.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Bernard Z. Yavitch,* for appellant.

MOYER, J. This matter is before us on appellant's appeal from a judgment of the Franklin County Municipal Court,

rendered on a jury verdict finding appellant guilty of one count of falsification in violation of Section 2315.08, Columbus City Code.

On June 27, 1979, Terry S. Bonner, appellant herein, was in custody of Franklin County authorities on charges unrelated to the case before us. While in the holding cell at the Columbus Police Station awaiting arraignment, appellant allegedly fell and was injured. According to statements made by appellant to officers of the Internal Affairs Bureau of the Columbus Police Department and at trial, a Columbus patrolman repeatedly struck appellant with the cell door and kicked him twice. The incident was investigated by the Internal Affairs Bureau and the patrolman was exonerated. Appellant was then charged with falsification under Section 2315.08, Columbus City Code.

A summons on complaint was issued on October 8, 1979, but the date of service on appellant is not reflected in the record. Appellant appeared in Franklin County Municipal Court on October 17, 1979, and entered a plea of not guilty to the charge. Appellant demanded a jury trial and refused to waive speedy trial time. The case was assigned to a judge of the municipal court. At pretrial on November 19, 1979, appellant claimed indigency and requested that counsel be provided for him. The judge to whom the case had been assigned ordered that counsel be assigned and also that the case be reassigned to another judge, because of the possibility that he would be called as a witness in the case. The case was then assigned to another judge of the Franklin County Municipal Court, and jury trial was scheduled for January 7, 1980.

On January 7, 1980, the trial judge appointed a defense counsel for appellant and ordered a continuance of the trial in order to give defense counsel time to prepare. On February 8, 1980, the presiding judge of the Franklin County Municipal Court heard appellant's mo-tions for discovery and for disqualification of all Franklin County Municipal Court judges. The motion for discovery was sustained, and the motion to disqualify was overruled. However, when the case was called for trial on February 19, 1980, appellant failed to appear, and the case was eventually tried to a jury on April 29, 1980.

In support of his appeal, appellant raises the following eight assignments of error:

"I. The defendant [appellant] received ineffective assistance of counsel because of the failure of the court to appoint an attorney to represent him until the trial date of January 7, 1980. The defense counsel appointed was under indictment himself and ultimately had his license revoked, and defense counsel failed to adequately represent the defendant [appellant] through a discovery, investigative and trial procedures. [sic].

"II. The defendant [appellant] was denied his right to speedy trial in accordance with the provisions of Section[s] 2945.71, 72 and 73 of the Ohio Revised Code.

"III. The instructions of the court as given to the jury erroneously informed the jury that the specifically requested instruction was given because of a request by the defendant [appellant].

"IV. The verdict of the jury was against the manifest way to [sic] the evidence.

"V. The conduct of the prosecutor was so zealous in attempting to procure a conviction of the defendant [appellant] that the defendant [appellant] was denied a fair trial.

"VI. The ordinance in question R.C. [sic] 2315.08(A)(2) was erroneously applied and selectively enforced.

"VII. The defendant [appellant] was denied his right to counsel as secured under the Ohio and Federal Constitution[s] in that the court failed to appoint an attorney to represent him until the day of trial.

"VIII. The defendant [appellant] was denied due process of law when he appeared in court before a judicial officer who was later a witness in the case and that judicial officer recognizing the conflict continued to act as judge in that a pre-trial was held before him."

Because of its bearing on the disposition of this case, the second assignment of error will be discussed first. In support of his second assignment of error, appellant argues that he was denied his right to a speedy trial in accordance with the provisions of R.C. 2945.71 through 2945.73. Appellant's contention is well founded.

Falsification is designated as a misdemeanor of the first degree. With regard to misdemeanors of the first degree, R.C. 2945.71(B)(2) provides that a person charged with a misdemeanor shall be brought to trial:

"Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.72 provides for extension of the time period under certain circumstances, including, *inter alia,* the following:

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law.

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

It is not clear from the record when appellant was served with the charge against him. However, appellant first appeared in court on the charge on October 17, 1979, which will be considered to be the date of arrest for purposes of our opinion. The court originally set the trial date of January 7, 1980, within the ninety-day limit for trial.

Appellant appeared at a pretrial hearing on November 19, 1979, at which time the court ordered that counsel be appointed for him from the conflict list. However, no counsel was, in fact, appointed until January 7, 1980, the date of trial. On the date of trial, the court ordered a continuance of the case until February 19, 1980, in order to allow counsel adequate time to prepare. The court cited R.C. 2945.72(H) as authority for its continuance. The court's reliance on that provision was misplaced.

The purpose of the speedy trial statute is to implement the constitutional protection of the right to a speedy trial. Such protection would be of little value if the court could delay the date of trial well beyond the statutory limit merely by neglecting to appoint counsel until the date of trial, when inevitably a continuance would be needed to allow appointed counsel time to prepare. R.C. 2945.72(C) specifically states that the time period may be extended if delay is necessitated by the accused's lack of counsel. However, this applies only when the delay is not a result of the lack of diligence in providing counsel. The court ordered appointment of counsel nearly two months before the original trial date. The failure to follow through in appointing counsel constitutes a lack of diligence. Such a delay may not be excused merely by calling it a "reasonable continuance" under R.C. 2945.72(H).

When there has been a failure of compliance with the speedy trial provisions, R.C. 2945.73 mandates that the charges against the defendant be dismissed. The trial court should, therefore, have sustained appellant's motion to dismiss. Appellant's second assignment of error is sustained. In light of our disposition of the second assignment of error, the remaining seven assignments of error cannot be prejudicial to the appellant and are, therefore, overruled.

In reviewing the record in this case, we note that, although appellant's case was tried before a visiting judge, the question of disqualification of all Franklin County Municipal Court judges was not considered in accordance with R.C. 2937.20. The presiding judge of the Franklin County Municipal Court heard and ruled upon appellant's motion for disqualification. The presiding judge was included, and the matter should have been referred to the presiding judge of the Court of Common Pleas for proper disposition.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded with instructions to dismiss the charge against appellant.

*Judgment reversed and cause remanded.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.