[Cite as *State v. Chambers*, 2011-Ohio-1055.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellant,                   :   Case No.  10CA12

    vs.                                    :

CHRISTOPHER CHAMBERS,                       :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.                    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Jonathan D. Blanton, Jackson County Prosecuting
Attorney, 295 Broadway Street, Suite 100, Jackson, Ohio
45640

COUNSEL FOR APPELLEE:    Jeremy J. Masters, 250 East Broad Street, Suite 1400,
Columbus, Ohio 43215

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-3-11

ABELE, J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court judgment that dismissed the indictment against Christopher Chambers, defendant below and appellee herein. The court determined that the State of Ohio, plaintiff below and appellant herein, failed to try appellee within the statutory speedy trial time limit.

{¶ 2}   Appellant raises the following assignment of error for review:

> "DID THE TRIAL COURT ERR IN FINDING THAT THE
> DEFENDANT-APPELLEE'S RIGHT TO A SPEEDY TRIAL
> HAD BEEN VIOLATED?"

**{¶ 3}** In March 2007, appellee was charged in the Jackson County Municipal Court with one count of breaking and entering and one count of assault. He was arrested on March 16, 2007 and remained in jail until August 29, 2007.[1]

**{¶ 4}** On May 10, 2007, the Jackson County Grand Jury returned an indictment that charged appellee with assault and breaking and entering. After appellee's arraignment, the trial court set the matter for a July 30, 2008 status conference. Appellee did not appear for the status conference.

**{¶ 5}** On February 5, 2010, appellee filed a pro se motion to dismiss due to an alleged speedy trial violation. On February 17, 2010, appellee entered a guilty plea to the breaking and entering charge, and the court dismissed the assault charge. On April 29, 2010, the court permitted appellee to withdraw his guilty plea.

**{¶ 6}** On June 11, 2010, appellee filed a motion to dismiss due to an alleged speedy trial violation. On June 14, 2010, the trial court held a hearing to consider appellee's motion. Following the hearing, the trial court found that appellee had been in jail between March 17, 2007 and August 29, 2007 on the pending charge. The court then employed the triple-count provision and determined that by August 29, 2007, four hundred ninety-eight days elapsed for speedy trial purposes. The court thus concluded that the state failed to bring appellee to trial on

---

[1] We could not locate anything in the record submitted to this court to verify these dates. We observe, however, that the trial court used these dates to calculate the speedy trial time and in the absence of evidence to the contrary, we presume that the trial court's factual findings are correct.

the pending charges within two hundred seventy days and dismissed the charges.   The state now appeals.

{¶ 7}   In its sole assignment of error, the appellant argues that the trial court erroneously determined that the state failed to bring appellee to trial within the statutory speedy trial time limits.   In particular, the appellant asserts that appellee's failure to appear at the July 30, 2008 status conference forfeited his right to assert a violation of the speedy trial statute for those days preceding his failure to appear.   Under the facts present in the instant case, however, we do not agree with the appellant.

{¶ 8}   Initially, we note that a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions presents a mixed question of law and fact for our review.   See, e.g., State v. Toler, Ross App. No. 09CA3103, 2009-Ohio-6669, at ¶15; State v. Alexander, Scioto App. No. 08CA3221, 2009-Ohio-1401, at ¶15.   We accord due deference to the trial court's findings of fact if competent, credible evidence supports them.   We will, however, independently review whether the trial court properly applied the law to the facts of the case.   See, e.g., State v. Skinner, Ross App. No. 06CA2931, 2007-Ohio-6320, at ¶8; State v. Thomas, Adams App. No. 06CA825, 2007-Ohio-5340 at ¶8.

{¶ 9}   Ohio's speedy trial provisions, R.C. 2945.71 to 2945.73, seek to enforce an accused's constitutional right to a speedy and public trial.   State v. Pachay (1980), 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus.   In Brecksville v. Cook (1996), 75 Ohio St.3d 53, 55, 661 N.E.2d 706, 707, the court discussed an accused's right to a speedy trial:

> "Ohio's speedy trial statute was implemented to incorporate the
> constitutional protection of the right to a speedy trial provided for in the Sixth
> Amendment to the United States Constitution and in Section 10, Article I, of the

Ohio Constitution.   State v. Broughton (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544; see Columbus v. Bonner (1981), 2 Ohio App.3d 34, 36, 2 Ohio B.Rep. 37, 39, 2 Ohio App.3d 34, 440 N.E.2d 606, 608.   The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and to limit the possibility that the defense will be impaired.   State ex rel. Jones v. Cuyahoga Cty. Ct. of Common Pleas (1978), 55 Ohio St.2d 130, 131, 9 Ohio App.3d 108, 109, 378 N.E.2d 471, 472.

Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court 'a speedy public trial by an impartial jury.' ''Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial.' (Citations omitted.) State v. Pachay (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589, 591. We are acutely conscious of the magnitude of the rights we interpret today.   We have also previously explained, however, that 'the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions."

{¶ 10} In seeking to enforce an accused's constitutional right to a speedy trial, R.C. 2945.71(C)(2) requires the state to try a person charged with a felony within two hundred seventy days after his arrest.   For purposes of computing the two hundred seventy day period, R.C. 2945.71(E) provides that each day an accused spends in jail awaiting trial on the pending charge counts as three days.   The date of arrest is not counted in calculating the number of speedy trial days that have elapsed. State v. Lautenslager (1996), 112 Ohio App.3d 108, 109-110, 677 N.E.2d 1263; State v. McCornell (1993), 91 Ohio App.3d 141, 145, 631 N.E.2d 1110, 1112; State v. Steiner (1991), 71 Ohio App.3d 249, 250-251, 593 N.E.2d 368, 369.

{¶ 11} Once an accused demonstrates that more than two hundred seventy days have elapsed between his initial arrest and the date of his trial, the accused establishes a prima facie

case for dismissal.   State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368,

1369-1370; State v. Baker (1993), 92 Ohio App.3d 516, 525, 636 N.E.2d 363, 369; State v.

Howard (1992), 79 Ohio App.3d 705, 707, 607 N.E.2d 1121; State v. Geraldo (1983), 13 Ohio

App.3d 27, 28, 468 N.E.2d 328.   The burden then shifts to the state to produce evidence

demonstrating that the accused was not entitled to be brought to trial within the two hundred

seventy day period.   Baker, 92 Ohio App.3d at 526, 636 N.E.2d at 369; Howard, supra; State v.

Bowman (1987), 41 Ohio App.3d 318, 319, 535 N.E.2d 730.

{¶ 12}  R.C. 2945.72 sets forth the circumstances under which the two hundred seventy

day period may be extended.   R.C. 2945.72 provides:

> The time within which an accused must be brought to trial, or, in the case
> of felony, to preliminary hearing and trial, may be extended only by the following:
> (A) Any period during which the accused is unavailable for hearing or
> trial, by reason of other criminal proceedings against him, within or outside the
> state, by reason of his confinement in another state, or by reason of the pendency
> of extradition proceedings, provided that the prosecution exercises reasonable
> diligence to secure his availability;
> (B) Any period during which the accused is mentally incompetent to stand
> trial or during which his mental competence to stand trial is being determined, or
> any period during which the accused is physically incapable of standing trial;
> (C) Any period of delay necessitated by the accused's lack of counsel,
> provided that such delay is not occasioned by any lack of diligence in providing
> counsel to an indigent accused upon his request as required by law;
> (D) Any period of delay occasioned by the neglect or improper act of the
> accused;
> (E) Any period of delay necessitated by reason of a plea in bar or
> abatement, motion, proceeding, or action made or instituted by the accused;
> (F) Any period of delay necessitated by a removal or change of venue
> pursuant to law;
> (G) Any period during which trial is stayed pursuant to an express
> statutory requirement, or pursuant to an order of another court competent to issue
> such order;
> (H) The period of any continuance granted on the accused's own motion
> and the period of any reasonable continuance granted other than upon the
> accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶ 13} If an accused is not brought to trial within the time limits set forth in the speedy trial statutes, and if the R.C. 2945.72 exceptions do not apply, R.C. 2945.73 requires the court, upon motion prior to trial, to discharge the accused.

{¶ 14} After our review of the record in the case sub judice, we agree with the trial court's conclusion that the state failed to bring appellee to trial within the statutory speedy trial time limit.   As the trial court found, appellee was in jail on the pending charge for one hundred sixty-six days.   Because appellee was in jail, each of the one hundred sixty-six days counts as three days for speedy trial purposes.   Under this triple-count mechanism, four hundred ninety-eight speedy trial days elapsed between March 17, 2007, and August 29, 2007.   During this time period, a trial date was not set.   Also during this time period, appellee did not fail to appear for any scheduled court appearances.   The appellant has not offered any explanation as to why it did not seek to try appellee before the speedy trial clock expired in 2007.   Rather, the appellant argues that because appellee failed to appear at a status conference over one year after the speedy trial time limit had already expired, he waived his right to assert a speedy trial violation.

{¶ 15} To support its argument, the appellant cites State v. Bauer (1980) 61 Ohio St.2d 83, 399 N.E.2d 555.   In Bauer, the court held: "[A] defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested."   Id. at 85.   In Bauer, the court initially set a trial

date within the speedy trial time limit, but the defendant failed to appear for that timely-set court date.   The Bauer court refused to allow a defendant to assert the speedy trial protections when the defendant's own actions resulted in the expiration of the time limit.

{¶ 16} By contrast, in the case sub judice it was not the accused's actions that resulted in the expiration of the speedy trial time limit.   Rather, the speedy trial time had expired prior to the time appellee failed to appear at the July 30, 2008 status conference.   Under these circumstances, we do not believe that the rule set forth in Bauer applies so as to bar appellee from asserting a speedy trial violation.   Our holding is limited, however, to those situations when the speedy trial time limit expires before the defendant's failure to appear at a court hearing.

{¶ 17} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's sole assignment of error and affirm the trial court's judgment.

<u>JUDGMENT AFFIRMED.</u>

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court


BY:_____

Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.