[Cite as *State v. Crawford*, 2024-Ohio-5272.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 24CA000003 |
| KACIE L. CRAWFORD | : |  |
| Defendant-Appellant | : |  |
|  | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of
Common Pleas, Case No. 23CR000117


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     November 1, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

LINDSEY K. ANGLER                    TAYLOR P. BENINGTON
Guernsey County Prosecutor           122 Southgate Pkwy.
627 Wheeling Avenue                   Cambridge, OH 43725
Cambridge, OH 43725

*Gwin, J.*

{¶1}    Appellant Kacie L. Crawford ["Crawford"] appeals her conviction and sentence after a negotiated "no contest" plea in the Guernsey County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    Crawford was arrested on May 25, 2023. *Findings of Fact/Conclusions of Law/ Judgment Entry,* filed Sept. 25, 2023 at 1. ["*Findings of Fact*"]. [Docket Entry Number 18]. Charges were formally filed on May 30, 2023 in the Cambridge Municipal Court, Case No. 2300374. [Docket Entry Number 4]. Crawford was charged with,

> Count One: Trafficking in a Fentanyl-Related Compound at least 50 grams but less than one hundred grams, a felony of the First degree in violation of R.C. 2925.03(A)(1) / (C)(9)(g)

> Count Two:  Possession of a Fentanyl-Related Compound at least 50 grams but less than one hundred grams, a felony of the First degree in violation of R.C. 2925.11(A) / (C)(11)(f)

{¶3}    After a preliminary hearing on June 9, 2023, the case was bound over to the Guernsey County Court of Common Pleas. *Findings of Fact* at 2. Bond was set on June 13, 2023.

{¶4}    On June 27, 2023, Crawford filed a Demand for Discovery. [Docket Entry No. 6].

{¶5}    On September 7, 2023, Crawford filed a Motion to Dismiss contending that she has been denied her right to a speedy trial under the Ohio Constitution, the United States Constitution and R.C. 2945.71, et seq. [Docket Entry No. 7]. The state filed a

response on September 11, 2023, contending that the state has not made its initial response to Crawford's discovery demand and there has been no indictment returned. The state further noted that it believed there would be additional discovery submitted to the defense. The state pointed out that seventy-three days have elapsed from the date of Crawford's discovery request, which the state argued tolled the time for trial. Crawford filed a supplemental motion in support of her motion to dismiss on September 18, 2023. [Docket Entry Number 12].

{¶6} After a hearing held September 2023, the trial judge filed, on September 25, 2023, *Findings of Fact/Conclusions of Law/ Judgment Entry,* overruling Crawford's motion to dismiss. [Docket Entry Number 18].

{¶7} On September 27, 2023, Crawford was indicted on:

Count One: Trafficking in a Fentanyl-Related Compound at least 50 grams but less than one hundred grams, a felony of the First degree in violation of R.C. 2925.03(A)(1) / (C)(9)(g);

Count Two: Possession of a Fentanyl-Related Compound at least 50 grams but less than one hundred grams, a felony of the First degree in violation of R.C. 2925.11(A) / (C)(11)(f);

Count Three: Possession of Drugs (heroin), in an amount equal to ten grams but less than fifty grams, a felony of the second degree, in violation of R.C. 2925.11(A) / (C)(6)(d);

Count Four: Trafficking in Drugs (heroin), in an amount equal to ten grams but less than fifty grams, a felony of the second degree, in violation of R.C. 2925.03(A)(2) / (C)(6)(e).

{¶8} On October 23, 2023, Crawford posted a Surety Bond in the amount of $150,000 - 10% permitted ($15,000.00). [Docket Entry Number 39].

{¶9} The state filed a response to Crawford's discovery demand on October 23, 2023, that included the laboratory results for the controlled substances. [Docket Entry Number 40].

{¶10} On January 2, 2024, Crawford entered written and oral pleas of "no contest" to an amended Count One of the indictment charging a felony of the second degree and to Count Four of the indictment, with the state dismissing the remaining charges.

{¶11} The parties further agreed to jointly recommend a sentence of five to seven and one-half years on each count to run consecutive to one another for a total sentence of ten to twelve and one-half years. Court costs to be paid from money seized from Crawford and the time of her arrest.

{¶12} The judge then sentenced Crawford to a minimum, mandatory five years and maximum seven and one-half years sentence on each count, to be served consecutive to one another for an aggregate prison term of a minimum term of ten years and a maximum term of twelve- and one-half years.

*Assignment of Error*

{¶13} Crawford raises one Assignment of Error,

{¶14} "I. KACIE CRAWFORD WAS DENIED HER RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION; AND R.C. 2945.71."

*Law and analysis*

**Standard of Review**

{¶15} "We begin by noting our lengthy history of Sixth Amendment jurisprudence, including the application of R.C. 2945.71. The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right. *State v. MacDonald*, 48 Ohio St.2d 66, 68 (1976). Although the United States Supreme Court declined to establish the exact number of days within which a trial must be held, it recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113.'" *State v. Parker*, 2007–Ohio–1534, ¶ 11. [*Quoting State v. Hughes* (1999), 86 Ohio St.3d 424, 425 (1999)].

{¶16} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71 et seq. applies to defendants generally. R.C. 2941.401 applies to defendants who are imprisoned within the State of Ohio. *State v. Smith*, 2000–Ohio–1777 (3rd Dist.)

{¶17} As Chief Justice Moyer wrote in *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 55–56:

Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution. *State v. Broughton* (1991), 62 Ohio St.3d 253, 256,

581 N.E.2d 541, 544; *see Columbus v. Bonner* (1981), 2 Ohio App.3d 34, 36, 2 OBR 37, 39, 440 N.E.2d 606, 608. The constitutional guarantee of a speedy trial was originally considered necessary to prevent oppressive pretrial incarceration, to minimize the anxiety of the accused, and to limit the possibility that the defense will be impaired. *State ex rel. Jones v. Cuyahoga Cty. Ct. of Common Pleas* (1978), 55 Ohio St.2d 130, 131, 9 O.O.3d 108, 109, 378 N.E.2d 471, 472.

Section 10, Article I of the Ohio Constitution guarantees to the party accused in any court "a speedy public trial by an impartial jury." "Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." (Citations omitted.) *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 18 O.O .3d 427, 429, 416 N.E.2d 589, 591.

We have long held that the statutory speedy-trial limitations are mandatory and that the State must strictly comply with them. *Hughes*, 86 Ohio St.3d at 427, 715 N.E.2d 540. Further, 'the fundamental right to a speedy trial cannot be sacrificed for judicial economy or presumed legislative goals." Id.

*State v. Parker*, 2007-Ohio-1534, ¶ 12-15; *See also*, *State v. Harris,* 2008-Ohio-2681, ¶26-31.

**{¶18}** Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 2005-Ohio-3122, ¶11 (5th Dist.). As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 2016-Ohio-5912, ¶ 43 (5th Dist.), *citing Larkin, supra.* With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

**{¶19}** When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57(1996); *State v. Colon*, 2010-Ohio-2326, ¶ 12 (5th Dist.).

**Issue for Appellate Review:** *Whether Crawford was denied her right to a speedy trial within the R.C. 2945.71-time prescriptions.*

**{¶20}** A person charged with a felony must be brought to trial within 270 days of his or her arrest and each day the accused is held in jail in lieu of bail will be counted as three days. R.C. 2945.71(C)(2); R.C. 2945.71(E). The accused's speedy trial clock begins to run on the day after arrest or service of summons. *State v. Szorady*, 2003–Ohio–2716, ¶ 12 (9th Dist.). "However, R.C. 2945.72 lists various events that will toll the running of the speedy-trial clock." *State v. Stevens*, 2012–Ohio–4095, ¶ 5 (9th Dist.). "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *State v. Ramey,* 2012–Ohio–2904, ¶ 24, *quoting* R.C. 2945.72. Thus, the

"'extensions are to be strictly construed, and not liberalized in favor of the state.'" *Ramey* at ¶ 24, *quoting State v. Singer*, 50 Ohio St.2d 103, 109 (1977).

**{¶21}** A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 2007-Ohio-4635, ¶ 49 (5th Dist.), *citing State v. Butcher*, 27 Ohio St.3d 28, 30–31(1986). Once a defendant establishes a prima facie case for dismissal, the state bears the burden to prove that time was sufficiently tolled and the speedy trial period extended. *State v. Butcher*, 27 Ohio St.3d 28, 31 (1986). If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. Id.

**{¶22}** Crawford was arrested on May 25, 2023. Because Crawford was incarcerated, she is entitled to the triple-count provision of R.C. 2945.71(E) until she posted bond on October 23, 2023. The state argues that the speedy trial time was tolled for discovery, and the delay necessary to obtain the laboratory analysis of the substances attributed to Crawford was reasonable.

*The original charges*

**{¶23}** In both the original complaint filed May 30, 2023, and the subsequent indictment filed September 27, 2023, Crawford was charged with respect to trafficking and possession of Fentanyl-Related Compounds, both felonies of the first degree. Although Crawford contends that discovery was either unnecessary or had already been completed, she nonetheless filed a Demand for Discovery on June 27, 2023, after the preliminary hearing had taken place in the municipal court and after her case had been bound over to the Guernsey County Grand Jury.

{¶24} The Ohio Supreme Court has instructed the courts that a discovery request tolls speedy-trial time for a reasonable amount of time necessary to allow the state to respond to the request; what is reasonable will necessarily be a case-by-case determination and depend on the totality of the circumstances. *State v. Belville,* 2022-Ohio-3879, ¶21. Whether filed by the defendant or the state, the courts have found that thirty-days is a reasonable amount of time for a party to respond to the other party's discovery demand. *State v. McKinney,* 2011-Ohio-3951(5th Dist.), ¶30; *State v. Armstrong,* 2004-Ohio-726 (9th Dist.); *State v. Havens,* 2022-Ohio-1712 (4th Dist.), ¶26; *State v. Jones,* 2024-Ohio-2959(3rd Dist.), ¶31; *State v. Mohamed*, 2009-Ohio-6658(10th Dist.); *State v. Dalton*, 2004-Ohio-3575(2nd Dist.), ¶ 13-14. Time is also tolled from the filing of a motion to dismiss until the trial court rules on the motion. *State v. Bickerstaff*, 10 Ohio St.3d 62, 67(1984) ("It is evident from a reading of the statute [R.C. 2945.72(E)] that a motion to dismiss acts to toll the time in which a defendant must be brought to trial."); *State v. Broughton,* 62 Ohio St.3d 253, 261 (1991).

{¶25} Although the state urges us to toll time until the results of the laboratory analysis of the substances found in Crawford's possession were obtained, the state did not present any evidence from the laboratory personnel during the hearing on the motion to dismiss to explain the delay in obtaining the results in this case. Accordingly, we will follow the majority of appellate districts and find that time was tolled for thirty days from the filing of Crawford's discovery demand on June 27, 2023. The speedy trial time computation is as follows:

May 26, 2023 (day after arrest) to June 27, 2023 (Discovery demand)

= 33 days

June 27, 2023, to July 27, 2023 (30-day reasonable time to respond

to discovery) =   Tolled

July 27, 2023 to Sept. 7, 2023 (filing of motion to dismiss) = 43 days

Sept. 7, 2023 to Sept. 25, 2023 (ruling on motion to dismiss) = Tolled

Total time expired:   <u>76 days</u>

**{¶26}** Thus, only 76 days of the 90-day time period in which to bring Crawford to trial had expired at the time Crawford's motion to dismiss was filed. Crawford did not re-file the motion or file a motion to compel the state's response to her discovery demand before entering her no contest plea.

**{¶27}** We further note that in the case at bar, Crawford was originally charged only with respect to trafficking and possession of Fentanyl-Related Compounds, while the subsequent indictment added two counts for trafficking and possession of Heroin, presumably based upon the analysis of the substances recovered from Crawford conducted by the laboratory.

*Cases involving subsequent indictments can be problematic with respect to the issue of speedy trial rights.*

**{¶28}** In *State v. Adams*, 43 Ohio St.3d 67 (1989), the Supreme Court of Ohio determined that, where new and additional charges arise from the same set of facts as those found in the original charge and the state knew of those facts at the time of the initial indictment, the time frame within which the new charge is to be tried is subject to the same statutory limitations period as that which is applied to the original charge.

**{¶29}** In *State v. Baker*, the Ohio Supreme Court established that "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial

indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." 78 Ohio St.3d 108 (1997) at syllabus.

{¶30} In *State v. Parker*, 2007–Ohio–1534, the Supreme Court went on to decide "the holdings of *Baker* and *Adams* * * * combined, stand for the proposition that speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal indictment that led to the first charge." Id. at ¶ 20. Therefore, under *Parker*, the time would count against the state if the subsequent indictment arose from the same facts as those that made up the original indictment. However, *Baker* does provide for two scenarios in which the state is not held to the speedy trial time clock of the initial indictment: (1) when additional criminal charges arise from new facts not present at the time the original charges were filed, or (2) when the state did not know of these facts at the time of the initial indictment.

{¶31} In the case at bar, the state did not know on May 30, 2023, that Crawford had heroin, in addition to fentanyl-related compounds, otherwise she would have been charged with the heroin counts in the initial complaint. This fact was not discovered until the laboratory results were obtained. *See, State v. Brown*, 2012-Ohio-5903 (10th Dist.), ¶11 ("The Second, Fourth, Ninth, Eleventh, and Twelfth District Courts of Appeals have all held that a subsequent indictment which was dependent upon a lab analysis that was not available to the state at the time of the original indictment starts the running of a new speedy trial clock," *citing State v. Mohamed*, 2009–Ohio–6658 10th Dist.), ¶ 30); *State v. Jones*, 2024-Ohio-2959 (3rd Dist.), ¶31.

**{¶32}** Therefore, in the case at bar, the speedy trial clock began to run with respect to Count 3 and Count 4, the heroin counts, when the indictment was filed on September 27, 2023. Crawford had previously filed a demand for discovery on June 27, 2023. The state responded to the discovery demand with the laboratory results of the controlled substances on October 23, 2023. [Docket Entry Number 40]. A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown,* 2002-Ohio-7040, paragraph one of the syllabus. Therefore, with respect to Count 3 and Count 4 of the Indictment, time was tolled from September 27, 2023, the date the indictment listing the heroin counts was filed to October 23, 2023, the date the state responded to Crawford's discovery demand.[1] Crawford posted a surety bond on October 23, 2023. Thus, Crawford was not entitled to the 3-for-1 provision, and the state, therefore, had 270 days to bring her to trial. Thus, the speedy trial timetable for Count 3 and Count 4 of the indictment is as follows:

September 27, 2023 [Indictment] to October 23, 2023 [State's response to discovery] 27 days tolled;

October 23, 2023 to January 2, 2024 [Plea] (73 days x 1-for-1) =73 days expired.

**{¶33}** Accordingly, only 73 days of the 270-day speedy trial time had expired for Count 3 and Count 4.

**{¶34}** We note in passing that Crawford never filed a motion to dismiss on speedy trial grounds with respect to Count 3 or Count 4. Therefore, even if the speedy time clock had run out on Counts 1 and 2, Counts 3 and 4, the heroin counts, would be unaffected.

---

[1] We note that this is less than the thirty-day time limit to respond to discovery adopted by the majority of appellate districts.

{¶35}  Crawford's sole Assignment of Error is overruled.

{¶36}  The judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur