THE STATE OF OHIO, APPELLANT, *v.*
MONTGOMERY, APPELLEE.

[Cite as State v. Montgomery (1980), 61 Ohio St. 2d 78.]

(No. 79-251—Decided January 23, 1980.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Gary W. Crim,* for appellant.

*Messrs. Goldman, Fox, Rubin & Shapiro* and *Mr. Don C. LaVeris,* for appellee.

*Per Curiam.* The issue in the instant cause is whether it was permissible for the trial court, on the authority of R. C. 2945.72(H), to *sua sponte* continue appellee's trial date beyond the statutory period prescribed in R. C. 2945.71(C)(2).

The General Assembly has enacted R. C. 2945.71 through 2945.73 in a legislative attempt to quantify a defendant's right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213; *Barker* v. *Wingo* (1972), 407 U. S. 514; Section 10 of Article I of the Constitution of Ohio; *State* v. *MacDonald* (1976), 48 Ohio St.

2d 66, 357 N.E. 2d 40. Although some doubt has been expressed by members of this court regarding the feasibility of such an enactment, *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, 201, 383 N.E. 2d 579; *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, 372 N.E. 2d 1351, these statutory provisions remain mandatory and must be complied with by the state. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 105, 338 N.E. 2d 524; *State* v. *Martin* (1978), 56 Ohio St. 2d 289, 297, 384 N.E. 2d 239.

R. C. 2945.71, in part, provides:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

R. C. 2945.72 states, in essence, that the time within which an accused must be brought to trial may be extended only by the following:

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."[2]

We are in agreement with the Court of Appeals which found the holding in *State* v. *Pudlock, supra,* dispositive of the instant controversy. In *Pudlock,* the trial court failed to set the defendant's cause therein for resolution within the statutory time period prescribed by R. C. 2945.71. Instead, the court ruled *sua sponte,* after the statutory period had elapsed, that the existence of a crowded docket warranted a continuance of the cause pursuant to R. C. 2945.72(H). In finding such an after-the-fact extension unacceptable, this court stated that to permit such continuances would emasculate the provisions of R. C. 2945.71 and thwart the intended legislative purposes of the speedy trial statutes.

In a cause arising under circumstances similar to *Pudlock,* this court in *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 357 N.E. 2d 1095, upheld a *sua sponte* continuance by a trial court predicated upon R. C. 2945.72(H), where the court, due

---

[2] Because appellee was incarcerated solely on the pending charge of burglary, *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, 383 N.E. 2d 579, the triple-count provisions of R. C. 2945.71(D) are applicable.

to a crowded docket and a judges' conference, continued the defendant's cause "by entry made prior to the expiration of the time limit derived from R. C. 2945.71." This court concluded, at page 210, that a two-day extension of a defendant's cause under the aforementioned circumstances was reasonable in light of "the failure of the defendant to object and to assert persuasively his basis for a contrary conclusion."

Both *Pudlock* and *Lee* provide that a trial court which chooses to exercise its discretion under R. C. 2945.72(H) to *sua sponte* continue a defendant's cause should do so prior to the expiration of the statutory period prescribed by R. C. 2945.71. In the instant cause, it is uncontroverted that the court's action under the authority of R. C. 2945.72(H) occurred after the expiration of the statutory period within which appellee should have been brought to trial.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HERBERT, LOCHER and HOLMES, JJ., dissent.

HERBERT, J., dissenting. I do not believe that the defendant's constitutional right to a speedy trial was violated under the facts at bar. See *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, concurring opinion at page 155.

HOLMES, J., dissenting. I feel compelled to dissent in this matter in that it is my view that the opinion of the majority unreasonably extends the encompassment of the speedy trial statute to trial-delaying events over which the trial court had absolutely no control, or could have anticipated.

*State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, relied upon by the Court of Appeals, and also the majority here, involved a *sua sponte* entry by the trial court after the speedy trial period had expired, such entry to the effect that the court was experiencing an overcrowded trial docket. In my view, such entry involved an internal administrative matter.

The difficulty of burdensome trial court dockets is well known and the unavailability of courtrooms is well docu-

mented. At least to some degree these conditions can be foreseen, and the appropriate entries may well be entered by the trial court in advance of the expiration of the mandated time for trial.

Relative to the trial court *sua sponte* entering an order of continuance after the expiration of the speedy trial period, such continuance being based upon a crowded trial docket, this court in *State* v. *Pudlock, supra,* stated, at page 106:

"It is evident that to allow a trial court to extend the required time period *under the above circumstances* would render meaningless the provisions of R. C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial." (Emphasis added.)

Here the circumstances presented the trial court were certainly not those found in *Pudlock.* Here the trial court was not faced with an internal administrative matter of unavailability of trial judges or courtrooms—it was confronted with a *force majeure,* an act of God, which resulted in one of the worst winter storms in the history of this state.

To protect the rights of the accused, as well as to protect the rights of the average citizen on the street, it is necessary to interpret and apply the speedy trial statutes in a reasonable manner. Here, in view of the unusual climatic conditions which existed, preventing the grand jury from meeting and conducting its affairs, and because the time delay was not inordinate, I would hold that the trial court's extension of the time before trial was not erroneous or an abuse of discretion.

LOCHER, J., concurs in the foregoing dissenting opinion.