The STATE of Ohio, Appellee,

v.

COONEY, Appellant.

[Cite as *State v. Cooney* (1997), 124 Ohio App.3d 570.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970048.

Decided Dec. 26, 1997.

*Fay D. Dupuis*, Cincinnati City Solicitor, *Terrence R. Cosgrove*, Cincinnati City Prosecutor, and *Kenneth Wilson*, Assistant City Prosecutor, for appellee.

*J. Robert Andrews*, for appellant.

---

*Per Curiam.*

On June 3, 1996, following a one-car accident, police arrested defendant-appellant, Daniel J. Cooney, and charged him with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1). The case was continued several times and eventually set for a hearing on Cooney's motion to suppress, tolling the speedy-trial period as to that charge.

While Cooney was at the hospital on the day of his arrest, receiving treatment for injuries received in the accident, a blood test was taken to determine his blood-alcohol content. The state did not receive the results of the blood test until August. As a result of the test, on August 28, 1996, Cooney was charged with driving with a prohibited blood-alcohol content pursuant to R.C. 4511.19(A)(2).

At a September 23 pretrial hearing, Cooney's counsel moved to dismiss the charges for lack of a speedy trial. The trial court overruled the motion. Under a plea agreement, Cooney pleaded no contest to the (A)(2) charge in exchange for the state dismissing the (A)(1) charge. The court found Cooney guilty and properly sentenced him. This appeal followed.

In his sole assignment of error, Cooney challenges the trial court's decision to overrule his motion to dismiss for failure to grant him a speedy trial. R.C. 2945.71(B)(2) requires that a person charged with a first-degree misdemeanor for which the maximum penalty is imprisonment for more than sixty days shall be brought to trial within ninety days after arrest or service of summons. Cooney argues that he was not brought to trial within ninety days because the speedy-trial period for all charges began to run upon his arrest, and the filing of the new charge did not extend the time in which he could be brought to trial. The state, on the other hand, contends that the speedy-trial period for the second charge did not begin to run until August 28, 1996, when Cooney was given service of summons on that charge. We find Cooney's assignment of error to be well taken.

Cooney relies upon *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025. In that case, the defendant was originally charged with driving with a prohibited breath-alcohol content pursuant to R.C. 4511.19(A)(3). The defendant waived the

time limitation applicable to that charge, which was later dismissed. Subsequently, the state charged the defendant with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1). The Ohio Supreme Court held that the state violated the defendant's speedy-trial rights because the second charge stemmed from the same set of facts that gave rise to the first charge. It stated:

" '[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.' " *Id.* at 68–69, 538 N.E.2d at 1027, quoting *State v. Clay* (1983), 9 Ohio App.3d 216, 218, 9 OBR 366, 367, 459 N.E.2d 609, 610.

In so holding, the court stated that even though both charges stemmed from R.C. 4511.19, they were nevertheless distinct charges that could involve different defenses at trial and different tactical considerations. Consequently, the defendant's waiver on the first charge could not be construed as a knowing, voluntary, and intelligent waiver of his rights on the second charge because the defendant did not know all the facts. *Id.* at 69–70, 538 N.E.2d at 1028. See, also, *State v. Sain* (Aug. 23, 1993), Montgomery App. No. 13493, unreported, 1993 WL 323539.

Cooney claims that the facts in the present case are indistinguishable from those in *Adams* and therefore that case is dispositive. We agree. See, also, *State v. Jacot* (1993), 97 Ohio App.3d 415, 646 N.E.2d 1128. The state relies upon *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883, which the Supreme Court recently decided. We do not believe that *Baker* changes the result in this case.

In *Baker,* the defendant was arrested because he sold prescription drugs to police informants. The same day, police officers seized numerous financial records from two pharmacies the defendant owned. A week later, the defendant was indicted on several counts of drug trafficking relating to the controlled buys.

While those charges were pending, state officials audited the financial records seized from the pharmacies. These audits resulted in a second indictment for drug trafficking against the defendant, which occurred almost a year after the defendant's arrest and original indictment. The defendant filed a motion to dismiss the second indictment on the grounds that his speedy-trial rights had been violated, which the trial court overruled. The defendant subsequently pleaded no contest to reduced charges and was found guilty.

The defendant appealed, and the court of appeals held that his statutory right to a speedy trial had been violated as to the second indictment because the speedy-trial clock for those charges began to run on the date of his arrest, not on the date of the second indictment. The Supreme Court disagreed with the court

of appeals, holding that the defendant's speedy-trial rights had not been violated. Citing *Adams,* the court stated:

"Applying this standard to the instant case, we find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation." *Baker, supra,* 78 Ohio St.3d at 111, 676 N.E.2d at 885–886.

In *Baker,* the second set of charges resulted from the complex and time-consuming process of checking the defendant's financial records. The state could not have known whether additional charges were appropriate until that process was completed. The two sets of charges were based on separate sets of facts and did not arise from the "same sequence of events." The court reasoned that "[t]o require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes." *Id.* at 78 Ohio St.3d at 111, 676 N.E.2d at 886.

This case, in contrast, is much simpler. The state knew all the operative facts at the time Cooney was originally charged under subsection (A)(1) for driving under the influence of alcohol. The state had probable cause to believe that Cooney was driving with a prohibited blood-alcohol content; otherwise the blood test would not have been conducted. He could easily have been charged under subsection (A)(2) at that time. While the state did not know what the exact results of the blood test would be, those results were simply proof of the facts the state already knew or should have known.

Consequently, we hold that the speedy-trial period began to run at the time of Cooney's arrest on the original charge. Accord *State v. Cosby* (May 7, 1993), Clark App. No. 2979, unreported, 1993 WL 169119. We do not believe that his speedy-trial rights should be ignored simply because the laboratory processing the blood test failed to provide the results within a reasonable time. Because Cooney was not tried within ninety days as required by R.C. 2945.71(B)(2), we sustain his assignment of error, reverse his conviction, and order him discharged.

*Judgment reversed*
*and appellant discharged.*

PAINTER, P.J., DOAN and SUNDERMANN, JJ., concur.