JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, John Rutkowski, appeals the judgment of the common pleas court, which denied his motion to dismiss on speedy trial grounds and convicted him of various drug offenses. Upon review of the record and the arguments of the parties, we reverse the lower court's rulings and vacate appellant's conviction.
 {¶ 2} Appellant was initially arrested on November 20, 2003, after being stopped by officers of the Euclid and Maple Heights police departments as he was traveling eastbound on Interstate 90. Pursuant to the stop, the officers conducted a search of his vehicle and seized the following: 1) one baggie containing eight pills of suspected ecstacy; 2) one marijuana pipe; 3) one Verizon cellular phone; 4) $54 in cash; 5) one box of marijuana seeds; and 6) one bag of marijuana. Appellant was taken to the Euclid jail and charged under the codified ordinances of the city of Euclid for misdemeanor offenses of possession of marijuana and possession of drug paraphernalia. He was not charged at that time in regard to the suspected ecstacy pills. On December 4, 2003, appellant appeared in Euclid Municipal Court, entered pleas of no contest, and was found guilty of the charges. The trial court suspended jail time, and appellant was sentenced to one year of probation, plus fines and court costs.
 {¶ 3} In the meantime, the eight pills of suspected ecstacy were sent to the Bureau of Criminal Investigation ("BCI") for testing. In January 2004, the Euclid police received the results from BCI confirming that the confiscated pills had tested positive for ecstacy.
 {¶ 4} Almost a year later, on December 16, 2004, the Cuyahoga County Grand Jury indicted appellant on one count of possession of drugs, in violation of R.C. 2925.11; one count of drug trafficking, in violation of R.C. 2925.03; and one count of possession of criminal tools, in violation of R.C. 2923.24. This indictment came approximately 13 months after appellant's initial arrest and over a year after he pleaded no contest to the misdemeanor charges.
 {¶ 5} On February 15, 2005, appellant filed a motion to dismiss and for discharge on speedy trial grounds. A hearing was held on March 1, 2005, after which the trial court overruled the motion to dismiss. On March 2, 2005, appellant entered a plea of no contest to the charges set forth in the indictment and was found guilty. On April 1, 2005, he was sentenced to one year of community control sanctions and a six-month suspension of his drivers' license.
 {¶ 6} Appellant now appeals asserting two assignments of error, which we address together since they are interrelated:
 {¶ 7} "I. The trial court erred in failing to dismiss the felony charges since the State of Ohio violated appellant's statutory speedy trial rights as contained in the Ohio Revised Code, Section 2945.71.
 {¶ 8} "II. The trial court erred in failing to dismiss the felony charges since the State of Ohio violated appellant's speedy trial rights under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 9} Appellant contends the trial court erred in denying his motion to dismiss for failure to convene a speedy trial, in violation of state statute and applicable provisions of the United States and Ohio Constitutions. We find merit in appellant's arguments.
 {¶ 10} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. State v. O'Brien (1987),34 Ohio St.3d 7. In Barker v. Wingo (1972), 407 U.S. 514, 523,92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C.2945.71 in order to comply with the Barker decision. See, also, State v. Lewis (1990), 70 Ohio App.3d 624.
 {¶ 11} R.C. 2945.71 states in pertinent part:
 {¶ 12} "(C) A person against whom a charge of felony is pending:
 {¶ 13} "* * *
 {¶ 14} "(2) Shall be brought to trial within two hundred seventy days after his arrest.
 {¶ 15} "* * *
 {¶ 16} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 17} It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state. State v.Pachay (1980), 64 Ohio St.2d 218.
 {¶ 18} Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v.Howard (1992), 79 Ohio App.3d 705. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. State v. Geraldo (1983),13 Ohio App.3d 27.
 {¶ 19} Appellant argues that his speedy trial time concerning his second indictment started to run at the time of his initial arrest on November 30, 2003. If his contention is true, the state was well outside the 270-day speedy trial window in regard to appellant's underlying conviction. The state, however, maintains that the speedy trial time for the second indictment did not begin to toll until that specific indictment was filed on December 16, 2004. We find appellant's position persuasive.
 {¶ 20} This court recently held in City of Shaker Hts. v.Kissee, Cuyahoga App. No. 81301, 2002-Ohio-7255, that the statutory speedy trial right begins at the time of a defendant's arrest, even if a defendant is not incarcerated pursuant to the arrest. "The right to a speedy trial arises when a person becomes an `accused.' United States v. Marion (1971), 404 U.S. 307,313, 92 S.Ct. 455, 30 L.Ed.2d 468. A person becomes accused when a prosecution is initiated against him, either through formal indictment or information or actual restraints imposed by arrest and holding to answer a criminal charge * * *. Id. Under the statutory speedy trial right, it is clear that a person does not have to be incarcerated in order to be protected by that right. Id. Rather, an unincarcerated person, in order to be protected by that right, is entitled to have his speedy trial period computed `day by day' * * *. Id." Kissee, at p. 4.
 {¶ 21} Furthermore, when dealing with multiple indictments, the Supreme Court of Ohio has held that "subsequent charges made against an accused are subject to the same speedy-trial constraints as the original charges, if additional charges arosefrom the same facts as the first indictment." (Emphasis added.)State v. Baker (1997), 78 Ohio St.3d 108, 111, 676 N.E.2d 883, syllabus. Ultimately, in Baker, supra, the Court held, pursuant to a second indictment in that case, that "the state was not subject to the speedy trial time limits of the original indictment since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment." We do not find that to be the case here. The second indictment in this case was not based upon such "new and additional facts" that would allow for this patent violation of appellant's speedy trial rights.
 {¶ 22} In State v. Cooney (1997), 124 Ohio App.3d 570,706 N.E.2d 854, the court clarified Baker, supra, holding:
 {¶ 23} "In Baker, the second set of charges resulted from the complex and time-consuming process of checking the defendant's financial records. The state could not have known if additional charges were appropriate until that process was completed. The two sets of charges were based on separate sets of facts and did not arise from the `same sequence of events.' The court reasoned that `to require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes.' [Baker, supra] at 111, 676 N.E.2d at 886." Id.
 {¶ 24} In Cooney, the court held that this language did not apply to a second indictment in that case, stating:
 {¶ 25} "We do not believe that [appellant's] speedy trial rights should be ignored simply because the laboratory processing the blood test failed to provide the results within a reasonable time." Id.
 {¶ 26} In the case at bar, the only new or additional facts the state can point to are the results they received from BCI indicating that the confiscated pills tested positive for ecstacy. No additional pieces of evidence were discovered by the police in regard to this case. The pills that BCI confirmed positive for ecstacy were discovered by the police at the same time as the evidence used against appellant in his first conviction. Furthermore, appellant admitted to having ecstacy prior to his first conviction. For some reason, however, the state did not secure the BCI lab report until January 2004. Even then, the state waited almost a year after receiving that information to bring a second indictment against appellant. These facts do not arise to a level to allow appellant's speedy trial rights to be ignored, and any charges to be made pursuant to any suspected drugs confiscated on the day of appellant's arrest should have culminated in a speedy trial from the date of that arrest.
 {¶ 27} Appellant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. State v. Taylor, 98 Ohio St.3d 27,2002-Ohio-7017, 781 N.E.2d 72. "The essence of the constitutional guarantee is that the trial may not be unjustifiably delayed."State v. Mintz (1991), 74 Ohio App.3d 62, 598 N.E.2d 52, citingState v. Meeker (1971), 26 Ohio St.2d 9, 268 N.E.2d 589, syllabus. The factors to consider in determining whether a trial's delay was reasonable include: "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Taylor, supra, citing Barker v.Wingo, supra. Here, these factors weigh in favor of appellant.
 {¶ 28} It is undisputed that appellant asserted his right to a speedy trial at the time of his second indictment. The only justification for the delay was a delayed receipt of the lab results and a backload of paperwork. A large amount of paperwork does not allow the state to sit on felony charges for almost a year while a defendant remains in limbo. We find the length of the delay in this case to be unjustified.
Judgment reversed and conviction vacated.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., Concurs; McMonagle, J., Concurs in judgmentonly.