JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is brought on the accelerated calendar pursuant to App.R. *Page 3 
11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Plaintiff-appellant the City of Maple Heights appeals from the Garfield Heights Municipal Court's decision to dismiss the misdemeanor charges filed against defendant-appellee Betty J. Washington. The city presents two assignments of error, in which it argues that the trial court should have held an evidentiary hearing before making its determination that Washington's right to a speedy trial had been violated, because the facts adduced would have demonstrated an exception to the requirements of R.C. 2945.71(B)(2). The city's argument, however, is rejected.
 {¶ 3} The record reflects that on November 13, 2004, Washington became involved in a motor vehicle accident with another driver in the city of Bedford Heights, Ohio. Since she failed to stop, the other driver called the police on her cellular telephone and followed Washington. The parties to the accident finally stopped at a gas station located in Maple Heights.
 {¶ 4} Police officers from three different jurisdictions converged on the scene. Their incident reports are contained in the record, and were compiled either on the day of the incident or within the next few days. The reports demonstrate that while the Bedford Heights officers began to take information on the accident from the other driver first, Washington became agitated. The Bedford Heights officers placed her *Page 4 
into a zone car to wait her turn.
 {¶ 5} Shortly thereafter, Washington began to yell and thrash around inside the vehicle, kicking the door and pulling at the window. When she failed to desist in these actions, she was removed from the car, placed in handcuffs, and "arrested for disorderly conduct." At this, she became even more irate, and a struggle ensued. One of the Bedford Heights officers complained Washington had bitten him on his thumb.
 {¶ 6} Washington eventually was transported to the Bedford Heights police station, where she was charged with leaving the scene of an accident and with failure to maintain the designated traffic lane. On March 3, 2005 Washington was found guilty of the latter offense in the Bedford Municipal Court.
 {¶ 7} On October 3, 2005, eleven months after the incident, the city of Maple Heights filed charges against Washington relating to the incident in the Garfield Heights Municipal Court. She was cited on two counts of assault, one count of resisting arrest, and one count of disorderly conduct. Washington entered a plea of not guilty, and subsequently filed a motion to dismiss the charges based upon R.C.2945.71(B)(2).
 {¶ 8} On February 9, 2006, after the city filed a brief in response to Washington's motion, the trial court considered the matter at a pre-trial hearing held on the record. On March 10, 2006, the court granted Washington's motion. *Page 5 
 {¶ 9} The city's contention on appeal that the trial court erred in failing to hold an evidentiary hearing prior to dismissing the charges is rejected. As the transcript of the oral hearing reveals, the city failed to request that an "evidentiary" hearing be conducted. The city, therefore, waived this argument for purposes of appeal. State v.Williams (1977), 51 Ohio St.2d 112.
 {¶ 10} Similarly, the city's argument that the trial court erred in granting Washington's motion to dismiss also fails. State v.Rutkowski, Cuyahoga App. No. 86289, 2006-Ohio-1087; Shaker Heights v.Kissee, Cuyahoga App. No. 81301, 2002-Ohio-7255; cf., Cleveland v.Baker, Cuyahoga App. No. 80955, 2002-Ohio-4171. The record clearly demonstrates Washington was arrested on the date of the incident for disorderly conduct. Although she received a speedy trial for the traffic infractions, Maple Heights waited for nearly a year to file charges related to her actual arrest.
 {¶ 11} Since this was well outside the time limitations set by R.C.2945.71(B)(2), the trial court committed no error in dismissing the charges.
 {¶ 12} The city's assignments of error, accordingly, are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment *Page 6 
into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J. CONCUR *Page 1