[Cite as *State v. Daley*, 2012-Ohio-796.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :
                                        :
        Plaintiff-Appellee,             :   Case No.  11CA3240
                                        :
        vs.                             :   **Released: February 24, 2012**
                                        :
JOHN R. DALEY,                          :   DECISION AND JUDGMENT
                                        :   ENTRY
        Defendant-Appellant.            :
_____
                              APPEARANCES:

Timothy Young, Ohio Public Defender, and Ben A. Rainsberger, Assistant
State Public Defender, Chillicothe, Ohio, for Appellant.

Toni L. Eddy, City of Chillicothe Law Director, and Michele Rout, Assistant
City of Chillicothe Law Director, Chillicothe, Ohio, for Appellee.
_____

McFarland, J.:

        {¶1} Appellant, John R. Daley, appeals the Chillicothe Municipal

Court's judgment finding him guilty of operating a motor vehicle with a

concentration of marihuana metabolite in his urine pursuant to R.C.

4511.19(A)(1)(j)(viii)(II).  On appeal, he contends that the trial court erred

when it denied his motion to discharge based upon speedy trial grounds

brought pursuant to R.C. 2945.71 et seq.  In light of our conclusion that the

State did not know of the facts necessary to charge Appellant with the R.C.

4511.19(A)(1)(j)(viii)(II) violation at the time of his arrest, the later filed

charge was not subject to the same speedy trial time table as the original charges.  Accordingly, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} On July 12, 2010, Appellant was charged with driving outside of marked lanes, in violation of R.C. 4511.33, and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a).  Appellant waived his right to speedy trial as to these two charges on September 27, 2010. Subsequently, on January 12, 2011, while these charges were still pending, Appellant was charged with driving with a concentration of marihuana metabolite in his urine, in violation of R.C. 4511.19(A)(1)(j)(viii)(II).  This later filed charge arose out of the same incident as the original (A)(1)(a) charge.  Appellant pled not guilty and the matters were scheduled for trial on February 10, 2011.

{¶3} On February 9, 2011, the State dismissed the original charges and decided to proceed only with the later filed specified limits charge. Additionally, the trial was continued to March 24, 2011.  Due to the unavailability of one of the State's key witnesses on that date, the trial court continued the trial to April 20, 2011, and expressly extended speedy trial time in the entry.  On the day of the scheduled trial, Appellant made an oral

motion to discharge pursuant to R.C. 2945.73, claiming a violation of his right to speedy trial as to the later filed charge. After the trial court denied the motion, Appellant pled no contest to the charge of violating R.C. 4511.19(A)(1)(j)(viii)(II). Appellant was sentenced to five days in jail, a term of community control, as well as fines and costs. It is from the trial court's April 20, 2011, entry of sentence that Appellant now brings his timely appeal, assigning a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.   THE COURT BELOW ERRED WHEN IT DENIED DEFENDANT'S MOTION TO DISCHARGE FOR VIOLATION OF O.R.C. §2945.71 ET SEQ."

## LEGAL ANALYSIS

{¶4} In his sole assignment of error, Appellant contends that the trial court erred when it denied his motion for discharge based upon a violation of his right to speedy trial. He asserts that the State failed to bring him to trial for the later filed offense within ninety (90) days as required by R.C. 2945.71, arguing that the 90 day period for the later filed offense started to run at the same time as the original offenses.

{¶5} We initially note that appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., *State v.*

*Horsley*, Ross App. No. 10CA3152, 2011-Ohio-1355; *State v. Skinner*, Ross App. No. 06CA2931, 2007-Ohio-6320; *State v. Pinson*, Scioto App. No. 00CA2713, 2001-Ohio-2423. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. See, e.g., *Horsley*, *Skinner*; *State v. Woltz* (Nov. 4, 1994), Ross App. No. 93CA1980, 1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See *Skinner*; *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706; *State v. Miller* (1996), 113 Ohio App.3d 606, 608, 681 N.E.2d 970; *State v. Cloud* (1997), 122 Ohio App.3d 626, 702 N.E.2d 500.

{¶6} An accused must first show a prima facie case for discharge by demonstrating that the time limit imposed by R.C. 2945.71 has been exceeded. *Skinner* at ¶ 8; *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d; *State v. Howard* (1992), 79 Ohio App.3d 705, 707, 607 N.E.2d 1121. At that point, the burden shifts to the state to demonstrate any tolling or extension of the time limit. Id. If the state fails to comply with the mandates of the speedy trial statute, the defendant must be discharged pursuant to R.C. 2945.73.

{¶7} The Sixth Amendment to the United States Constitution, made binding on the states by the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution guarantee a defendant the right to a speedy trial. See, e.g., *State v. Parker*, 113 Ohio St.3d 207, 209, 2007-Ohio-1534, 863 N.E.2d 1032. The United States Supreme Court declined to establish the exact number of days the state has to bring a defendant to trial. Instead, it recognized that individual states may establish reasonable times that are consistent with the constitution. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182. The Ohio Legislature responded by enacting R.C. 2945.71, which sets forth specific time requirements for the state to bring a defendant to trial. *State v. Hughes* (1999), 86 Ohio St.3d 424, 425, 1999-Ohio-118, 715 N.E.2d 540.

{¶8} R.C. 2945.71(B)(2) provides that a person charged with a misdemeanor of the first degree shall be brought to trial within 90 days after his arrest or service of summons. The burden is on the state to bring the accused to trial within this statutory period. *State v. Singer* (1977), 50 Ohio St.2d 103, 106, 362 N.E .2d 1216. These speedy trial statutes are strictly enforced because they implement the constitutional guarantee of a speedy trial. *State v. Montgomery* (1980), 61 Ohio St.2d 78, 80, 399 N.E.2d 552; *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 338 N.E.2d 524.

{¶9} In the case sub judice, Appellant contends that his right to a speedy trial for his third offense (OVI based upon R.C. 4511.19(A)(1)(j)(viii)(II) began to run at the same time as that of his first and second offenses (OVI based upon R.C. 4511.19(A)(1)(a) and marked lanes based upon R.C. 4511.33). Appellant was charged for the first and second offenses on July 12, 2010. Therefore, unless extended, the State had until October 10, 2010, to bring Appellant to trial, i.e., 90 days. The State did not bring Appellant to trial until April 20, 2011. Thus, Appellant presented a prima facie case for discharge of the first and second offenses, and essentially argues he did so for the later filed offense, the time for which he argues began to run on July 12, 2010.

{¶10} The time within which an accused must be brought to trial may be extended for the reasons listed in R.C. 2945.72. These reasons include "any period of delay necessitated by reason of a * * * motion * * * instituted by the accused, * * * [t]he period of any continuance granted upon the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(E), (H).

{¶11} Here, Appellant waived his right to a speedy trial as to the first and second offenses on September 27, 2010.  As the State eventually dismissed the first and second offenses on February 9, 2011, we need not

consider them any further. However, while these offenses were still pending, on January 12, 2011, Appellee issued and served Appellant with a summons for a third offense. Appellant did not waive his right to a speedy trial as to this offense. As such, we must calculate how long Appellee had to bring Appellant to trial for this third offense.

{¶12} In *State v. Skinner*, supra, at ¶ 15, based upon facts very similar to the case sub judice in that both appellants were initially charged with an under the influence violation and then later charged with a specified limits violation, we noted as follows:

"In *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883, the Supreme Court of Ohio held, '[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.' Id. at syllabus. The Court's decision in *Baker* was closely followed by the Second District Court of Appeals in the following cases: *State v. Cantrell* (Sept. 7, 2001), Clark App. No. 00CA95, 2001 WL 1018234 (additional R.C. 4511.19(A) charge based on results of blood test); *State v. Lekan* (June 27, 1997), Montgomery App. No. 16108, 1997 WL 351287 (additional R.C. 4511.19(A) charge based on results of urine test). The facts herein closely resemble the facts of *Cantrell* and *Lekan*, supra."

{¶13} More specifically, relying on *State v. Baker*, supra, the *Cantrell* court reasoned that the facts supporting the later filed specified limits charge were not available to the state when the initial charges were filed and therefore that charge was not subject to the speedy trial timetable applicable to the original R.C. 4511.19(A)(1) charge. *Cantrell*, supra. Instead, the

*Cantrell* court held that the speedy trial clock for the later filed charge began to run when the new charge was filed and the defendant was served with the summons. Id.

{¶14} Further, in *State v. Lekan*, supra, despite observing that the later filed specified limits charge arose out of the same incident as the originally filed "(A)(1)" or under the influence charge, the court noted that the specified limits charge was dependent upon laboratory analysis of the urine sample, the results of which were not available to the police when the initial charges were filed. As such, the *Lekan* court reasoned that *State v. Baker* was applicable, rather than *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, which is especially pertinent herein as Appellant relies upon *Adams* in support of his argument. The *Adams* court reasoned that the speedy trial timetable on a later filed under the influence charge began to run when the specified limits charge was initially filed. *Adams* at 68.

{¶15} As the court pointed out in *Lekan*, and as with the case sub judice, the specified limits charge was the subsequent charge, which is the reverse order of *Adams*, where the under the influence charge was the subsequent charge. *Lekan*, supra. We believe, as did the *Lekan* court, that the order in which the charges are filed makes a difference. Id. Had Appellant been charged with the specified limits case first, and then later

charged with an under the influence violation, the speedy trial timetable for the later offense would have begun to run when the first offense was filed because it arose out of the same incident and police had all the information necessary to file the charge at that time.  However, that is the not the situation sub judice and we believe the difference is key to our determination.

{¶16} Applying the reasoning of *Skinner*, *Baker*, *Cantrell*, and *Lekan*, supra, to the case sub judice, the later filed offense stemming from Appellant's urine test results was not subject to the same speedy trial time table as the original offenses. Rather, it began on January 12, 2011, when Appellant was served on the R.C. 4511.19(A)(1)(j)(viii)(II) violation.  Thus, the State had 90 days from that date to bring Appellant to trial, which would have been April 12, 2011.

{¶17} The record reflects that the trial on the original charges was scheduled for February 10, 2011, but that the State dismissed those charges on February 9, 2011, and decided to proceed upon the later filed charge only.  As such, a new trial date was scheduled for March 24, 2011. However, the record reflects that due to the unavailability of one of the State's key witnesses on that date, the trial court rescheduled the jury trial for April 20, 2011, eight days after the speedy trial limit, not counting any

tolling periods. The record further reveals that in the March 8, 2011, entry continuing the trial, the trial court extended the speedy trial limits as a result of the continuance. As set forth above, the time within which an accused must be brought to trial may be extended for "the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). Thus, Appellant's speedy trial rights were not violated.

{¶18} In reaching this result, we are mindful of Appellant's argument that we should depart from our prior reasoning in *Skinner*, based upon our more recent decision in *State v. Horsley*, supra, where at ¶ 21 we acknowledged the reasoning of *State v. Cooney* (1997), 124 Ohio App.3d 570, 573, 706 N.E.2d 854, which held that the state need not know exact results of a blood test in order to charge a specified limits violation. However, based upon the foregoing analysis of the relevant case law, we decline to do so and instead adhere to the reasoning of *State v. Skinner* on this particular issue. Despite our acknowledgment in *Horsley* of the holding in *Cooney*, we believe *Skinner* sets forth the proper speedy trial analysis when an under the influence charge is followed by a later filed specified limits charge.

{¶19} Thus, Appellant's sole assignment of error is without merit and the judgment of trial court is affirmed.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring.

{¶20} I agree that our reasoning in *State v. Skinner*, supra, provides the proper analysis and reached the right result on the issue before us. Furthermore, our reference to *Cooney*, supra, in our subsequent decision in *Horsley*, was merely obiter dictum, and should not be considered as persuasive authority.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs with Concurring Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**